# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0547, <u>In the Matter of Frederick Wilkinson and Lisa Wilkinson</u>, the court on October 12, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The petitioner, Frederick Wilkinson (husband), appeals a final decree of the Circuit Court (<u>Forrest</u>, J.), issued following a hearing, in his divorce from the respondent, Lisa Wilkinson (wife). He challenges the trial court's alimony award and its denial of his motion for contempt. We affirm.

"The circuit court has broad discretion to award alimony." <u>In the Matter of Routhier & Routhier</u>, 175 N.H. 6, 15 (2022). "We review the court's alimony determination for an unsustainable exercise of discretion, and we will uphold its factual findings unless they are unsupported by the evidence." <u>Id</u>. "This standard of review means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." <u>In the Matter of Braunstein & Braunstein</u>, 173 N.H. 38, 47 (2020). We defer to the trial court's judgment with respect to such matters as resolving conflicting testimony, evaluating the credibility of witnesses, and determining the weight to be accorded evidence. <u>Id</u>. "As the trier of fact, the trial court could accept or reject, in whole or in part, the testimony of any witness or party, and was not required to believe even uncontroverted evidence." <u>Id</u>.

We first address the husband's argument that the trial court erred by awarding alimony to the wife because she is cohabiting with an unrelated adult. <u>See</u> RSA 458:19-aa, VII (Supp. 2022) (providing that the court may modify or terminate alimony upon a finding of the payee spouse's cohabitation). The husband contends that the court's alimony order is unjust because the wife had been living with her boyfriend in the boyfriend's home for approximately eight months at the time of the final hearing, that they shared household expenses, that the boyfriend helped financially support her, that they jointly used the home, that they were in an intimate relationship, and that they publicly held themselves out as a couple. <u>See</u> RSA 458:19-aa, VIII(a)-(f) (Supp. 2022) (providing that the court shall consider such factors in determining whether cohabitation exists, and that it shall find cohabitation "if there is a relationship between an alimony payee and another unrelated adult resembling that of a marriage, under such circumstances that it would be unjust to make an order for alimony").

Even assuming that the husband is correct that the statutory factors set forth in subsections (a)-(f) of Paragraph VIII have been established by the evidence, the statute also provides that the trial court may consider "[a]ny other factors that the court finds material and relevant." RSA 458:19-aa, VIII(g). Here, there was evidence that the wife and boyfriend planned on her reimbursing him for at least some of the financial assistance he had given her, that she would pay rent to him when she was able to do so, and that she did not exercise control over, for example, the decorations or utility providers in the home. The trial court acknowledged their intimate relationship, but found, among other things, that the wife "is seeking to obtain her own residence for herself and her daughter," and that their current living arrangement is "not a long-term situation." These findings are supported by the evidence.

Although the husband contends that the findings as to the intentions of the wife and her boyfriend are inherently speculative, we note that it is the province of the trial court to evaluate the credibility of the witnesses and to weigh the evidence before it. See Braunstein, 173 N.H. at 47. Accordingly, the trial court reasonably could have found that this was not a relationship "resembling that of a marriage," and that the circumstances were not such "that it would be unjust to make an order for alimony." RSA 458:19-aa, VIII. Furthermore, the ultimate determination of whether to modify or terminate alimony based upon a finding of cohabitation is a discretionary matter for the trial court. See RSA 458:19-aa, VII (providing that "the court may make orders for the modification or termination of term alimony upon a finding of the payee's cohabitation" (emphasis added)); Appeal of Rowan, 142 N.H. 67, 71 (1997) (explaining the general rule that the word "may" is permissive and indicates a discretionary matter).[1]

Next, the husband argues that the trial court erred by "not considering [the wife's] capacity for employment in making its award of alimony." He acknowledges that the wife had been found to be disabled and incapable of full-time work by the Social Security Administration, but contends that "the same disability determination found that she was capable of part-time sedentary work." We are not persuaded. Contrary to the husband's assertion, the trial court expressly considered the wife's capacity for employment, as well as the disability determination by the Social Security Administration, and found that the wife "is unable to be self-supporting at a standard of living that meets her reasonable needs." This finding is amply supported by evidence in the record.

---

[1] To the extent that the husband argues that the trial court's decision renders RSA 458:19-aa, IX (Supp. 2022) a nullity, or that it divests him of future remedies, his arguments are not preserved. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) ("It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial."); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002) (observing that, in order to satisfy the preservation requirement, issues which could not have been presented to the trial court before its decision must be presented to it in a motion for reconsideration).

2

Accordingly, based upon our review of the record, we cannot conclude either that the trial court's findings are unsupported by the evidence, or that the court unsustainably exercised its discretion by granting alimony to the wife; thus, we will not disturb the court's decision. See Routhier, 175 N.H. at 15; Braunstein, 173 N.H. at 47.

Lastly, the husband argues that the trial court erred by denying his motion for contempt alleging that the wife violated the court's anti-hypothecation order when she spent a sum of money from her bank account. Although the husband asserts that "[t]here is no evidence that all this money was spent for reasonable living expenses," see RSA 458:16-b, I (2018) (allowing a party to use assets which would otherwise be subject to an anti-hypothecation order for, among other things, "reasonable and necessary expenses of living"), the record demonstrates otherwise. There was evidence before the court that, in addition to normal living expenses, the wife lost most of her and her daughter's personal possessions, and needed to purchase such necessities as clothing, shoes, bedding, towels, toiletries, a new cellphone, and other items. Additionally, the wife suffers from medical issues that required her to purchase an expensive item of medical equipment, and to regularly purchase a large assortment of consumable medical supplies. On these facts, the trial court could reasonably have found that the wife used the funds for reasonable and necessary living expenses, and, therefore, we conclude that the husband has failed to demonstrate that the trial court unsustainably exercised its discretion by denying his motion for contempt. See In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 138 (2020) (holding that we review a trial court's ruling on a motion for contempt under our unsustainable exercise of discretion standard); Gallo v. Traina, 166 N.H. 737, 740 (2014) (holding that the appealing party has the burden of demonstrating reversible error).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3